NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0295n.06
Filed: April 27, 2007

No. 05-3901

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ELIZABETH TILLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ALBERTO R. GONZALES, Attorney | ) | IMMIGRATION APPEALS |
| General, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Before: DAUGHTREY and ROGERS, *Circuit Judges*; OBERDORFER, *District Judge*.[*]

OBERDORFER, *District Judge*:

This matter is before us on petition for review of a 1997 decision of the Board of

Immigration Appeals (BIA) that ordered petitioner Elizabeth Tilley deported and held that she

was ineligible for discretionary relief.

BACKGROUND

Tilley is a 48-year-old native and citizen of the United Kingdom who entered the U.S. in

1975 on temporary authorization as the fiancee of a citizen; her status was adjusted to reflect her

_____

[*]The Honorable Louis F. Oberdorfer, United States District Court for the District of
Columbia, sitting by designation.

-1-

subsequent marriage, and she became a lawful permanent resident later that year. In 1982, Ohio's Cuyahoga County Court of Common Pleas convicted Tilley of three counts of forgery and one count of grand theft, and sentenced her to 1-5 years' imprisonment, of which she served six months. In 1994, the same court convicted her of one count of cocaine possession and one count of aggravated drug trafficking, for which she was sentenced to two consecutive 2-year terms of imprisonment, and served 32 months.

While Tilley was serving her sentence for the state convictions, the INS issued and served on her an Order to Show Cause and Notice of Hearing. The Order alleged deportability on the ground that her prior state convictions constituted controlled substance violations, two crimes of moral turpitude, and aggravated felony offenses. *See* 8 U.S.C. § 1251(a)(2)(A)(ii) & (iii), (a)(2)(B)(i) (1994) (superseded). Tilley conceded her deportability, but sought discretionary relief under former § 212(c) of the Immigration and Nationality Act (INA). *See generally INS v. St. Cyr*, 533 U.S. 289 (2001).

However, while Tilley's claim for discretionary relief was pending, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. The act foreclosed § 212(c) relief for aliens convicted of controlled substance and aggravated felony violations, *see id.* § 440(d), 110 Stat. at 1277. Thus, in May 1996, the immigration judge (IJ), noting the intervening passage of AEDPA, found Tilley deportable as charged and ineligible for § 212(c) relief. Tilley appealed the IJ's decision denying her § 212(c) relief. On July 2, 1997, the BIA affirmed the IJ's decision. Tilley was deported in November 1999.

In January 2000, Tilley illegally reentered the U.S. In February 2003, she was arrested

and criminally charged with illegal reentry after deportation. *See* 8 U.S.C. § 1326. The U.S. district court, however, dismissed the indictment citing "fundamental unfairness." *United States v. Tilley*, No. 1:03-CR-0086, slip op. at 10 (N.D. Ohio Sept. 15, 2003), JA 108; *see* 8 U.S.C. § 1326(d)(3).

Separate from the criminal proceedings, the INS also commenced civil proceedings to reinstate the 1997 deportation order. *See* 8 U.S.C. § 1231(a)(5). Tilley responded by filing a habeas petition challenging the validity of the reinstatement order. That petition the district court dismissed. *See Tilley v. Chertoff*, No. 03-4603, 144 F. Appx. 536, 538 (6th Cir. Aug. 15, 2005) (unpublished). Tilley next filed a second habeas petition, this time directly challenging the BIA's 1997 decision.

Fortuitously, from Tilley's perspective, while her second habeas petition was pending in district court, Congress enacted the REAL ID Act of 2005 ("REAL ID Act" or "REAL ID"), Pub. L. No. 109-13, div. B, 119 Stat. 302. Section 106(c) of the act directs that a habeas petition pending in district court that challenges a final order of removal be transferred to the appropriate court of appeals and converted to a petition for review of a final order of removal brought under the INA, 8 U.S.C. § 1252, notwithstanding the filing deadline.

In sum, despite all the complicated procedural history, after the watershed that was REAL ID, we may now, in effect, ignore that history and treat this case as a routine petition for review of a BIA decision, albeit one dating back a decade.

## DISCUSSION

### I.    Jurisdiction

Both parties concede our appellate jurisdiction over this matter pursuant to § 106(c) of

REAL ID. Although the concession is "irrelevant" since a party's concession cannot confer subject matter jurisdiction, *Rockwell Int'l Corp. v. United States*, 127 S. Ct. 1397, 1405 (2007), we are independently satisfied that our jurisdiction attaches by virtue of the conversion mechanism Congress provided in § 106(c). *See Medellin-Reyes v. Gonzales*, 435 F.3d 721, 723-24 (7th Cir. 2006) (per curiam).

However, the immigration statute also provides that "except as provided [8 U.S.C. § 1252(a)(2)(D)], no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" constituting an aggravated felony, a controlled substance violation, or two convictions for crimes of moral turpitude. 8 U.S.C. § 1252(a)(2)(C); *see also id.* § 1227(a)(2)(A) & (B). As noted above, petitioner conceded deportation on the ground that she had committed such criminal offenses. Thus, this jurisdiction-stripping provision prevents us from reviewing the 1997 deportation order—"except as provided in [8 U.S.C. § 1252(a)(2)(D)]."

Section 1252(a)(2)(D), added by § 106(a) of REAL ID, restored judicial review over final orders of removal for "constitutional claims or questions of law," notwithstanding the jurisdiction-stripping of § 1252(a)(2)(C). *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 747-48 (6th Cir. 2006). Here, petitioner argues that the BIA incorrectly concluded that AEDPA precluded her from seeking § 212(c) relief because, as confirmed by later readings of AEDPA in this circuit and the Supreme Court, that act does not apply retroactively to deportation proceedings that were pending when it was enacted. *Pak v. Reno*, 196 F.3d 666, 676 (6th Cir. 1999); *cf. St. Cyr*, 533 U.S. at 326 (concerning convictions pursuant to guilty pleas, the Court found "nothing in [the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

-4-

(IIRIRA), Pub. L. No. 104-208, div. C, 110 Stat. 3009-546] unmistakably indicating that Congress considered the question whether to apply its repeal of § 212(c) retroactively"). Since Tilley's challenge plainly constitutes "a question regarding the construction of a statute," *Almuhtaseb*, 453 F.3d at 748—that is, the proper construction of AEDPA in terms of the act's retroactive effect on § 212(c) relief—it falls squarely within the "questions of law" exception to the INA's jurisdiction-stripping provisions. 8 U.S.C. § 1252(a)(2)(D). We thus may review Tilley's claim.

## II.    Merits

This circuit's decision in *Pak* held that AEDPA's provision eliminating § 212(c) relief for aliens who committed certain deportable offenses does not apply retroactively, *i.e.*, to those cases pending on April 24, 1996, the date of AEDPA's enactment. *Pak*, 196 F.3d at 676; *see also Elia v. Gonzales*, 431 F.3d 268, 273 n.6 (6th Cir. 2005). Because petitioner's case was pending when AEDPA was enacted, *Pak* precludes the BIA from finding her ineligible for § 212(c) relief based upon her prior convictions. Thus, the BIA in 1997 erred as a matter of law when it construed AEDPA to disqualify petitioner for § 212(c) relief.

The government concedes that the BIA's 1997 decision is "contrary" to controlling precedents of this court and the Supreme Court. Resp. Br. 30. But it argues that when the BIA issued its order in 1997, it was following then-controlling law as set forth in BIA precedent, which was contrary to the court's eventual decision in *Pak*. *See In re Soriano*, 21 I. & N. Dec. 516 (1997), *overruled by Pak*, 196 F.3d at 676. The government contends that the "significant interests in the finality" of petitioner's immigration proceedings warrant declining application of those precedents to this case. Resp. Br. 29. We disagree.

-5-

Before the court is a petition for review of the 1997 deportation order, and so the order is on direct, not collateral, review. As such, the "the controlling interpretation of federal law"—such as this court's interpretation of AEDPA in *Pak*—"must be given full retroactive effect in all cases still open on direct review"—such as Tilley's petition for review of the 1997 deportation order—"regardless of whether such events predate or postdate [the] announcement of the rule." *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). The argument that interests in finality should trump the traditional rule on retroactivity, as explained by the Supreme Court in *Harper*, is weak. Tilley's deportation order is ten years old, but that is not unusual for immigration proceedings, which have been known to last even longer, especially pursuant to appeals to the BIA and petitions for review in the courts of appeals. *See, e.g.*, *Medellin-Reyes*, 435 F.3d at 722 (original deportation order issued 12 years prior to reaching the court of appeals, under similar circumstances); *Wu v. INS*, 436 F.3d 157, 160 (2d Cir. 2006) (original deportation order issued 12 years prior to reaching the court of appeals). Moreover, we need not be concerned that similarly situated aliens will be able to take advantage of REAL ID § 106(c) to receive fresh review of dead claims by reentering the U.S. and filing a habeas petition; as noted above, § 106(c) applies only to cases that were *pending* at the time of REAL ID's enactment. *Medellin-Reyes*, 435 F.3d at 723-24 ("Collateral proceedings filed on or after May 11, [2005,] however, will be dismissed outright; the window for belated judicial review has closed.").

Finally, we are persuaded by the Seventh Circuit's decision in *Medellin-Reyes*, which resolved facts and issues bearing substantial similarity to those in the present appeal. In both this appeal and in *Medellin-Reyes*, an alien subject to deportation in 1997 on the basis of a criminal conviction failed to appeal his 1997 deportation order, but belatedly challenged it several years

-6-

later through a habeas petition on the ground that the order incorrectly followed a retroactive application of AEDPA. The REAL ID Act then intervened. *See id.* at 723. The Seventh Circuit confirmed its jurisdiction over the matter pursuant to § 106(c) of REAL ID and "remand[ed] with instructions that the [BIA] consider on the merits [the alien's] application for § 212(c) relief." *Id.* at 724. We think the Seventh Circuit got it right and will order the same disposition.

## CONCLUSION

For the foregoing reasons, we grant the petition, vacate the BIA's 1997 order of deportation, and remand for proceedings on the merits of petitioner's application for § 212(c) relief and for further proceedings consistent with this opinion.